OPINION
{¶ 1} Plaintiff Joanne Dressler appeals a judgment of the Court of Common Pleas of Richland County, Ohio, entered on a jury verdict in favor of defendant Daimler Chrysler Corporation. Appellant assigns three errors to the trial court:
 {¶ 2} "I. IT WAS ERROR FOR THE TRIAL COURT TO REFUSE TO GIVE APPELLANT'S REQUESTED AFFIRMATIVE DEFENSE INSTRUCTION OF OJI 329.01 REGARDING ABUSE, NEGLECT, OR UNAUTHORIZED MODIFICATION OR ALTERATION BY ANYONE OTHER THAN THE MANUFACTURER OR MANUFACTURER'S AUTHORIZED DEALER AFTER APPELLEE RAISED THE DEFENSE IN ITS ANSWER AND REPEATEDLY RAISED A FALSE ISSUE OF DEALER FAULT IN PERFORMING REPAIRS AS AN EXCUSE FOR DISCLAIMING LIABILITY THROUGHOUT THE TRIAL.
 {¶ 3} "II. IT WAS ERROR FOR THE TRIAL COURT TO PRECLUDE APPELLANT FROM READING R.C. 1345.72(C) AND 1345.75 (D) IN REBUTTAL TO APPELLEE'S CLOSING ARGUMENT THAT PLAINTIFF SUED THE WRONG PARTY, SHOULD HAVE SUED THE DEALER, AND ARGUING THAT THE WARRANTING MANUFACTURER WAS NOT RESPONSIBLE FOR ITS AUTHORIZED DEALER'S NEGLIGENT PERFORMANCE OF WARRANTY REPAIRS.
 {¶ 4} "III. IT WAS ERROR FOR THE TRIAL COURT TO PRECLUDE APPELLANT FROM PRESENTING EVIDENCE OF TWO RECALL INVESTIGATIONS BY DAIMLERCHRYSLER CORPORATION PRIOR TO THE DATE SHE PURCHASED HER VEHICLE, TO SHOW APPELLEE'S PRIOR ANALYSIS OF THE PROPENSITY FOR LUG NUTS TO LOOSEN IF INSTALLED AGAINST OUT-OF-ROUND WHEEL HOLES DUE TO REDUCED AREA OF CONTACT BETWEEN LUG NUTS AND WHEEL."
 {¶ 5} On November 19, 2002, appellant purchased a 2002 Chrysler 300M Special Edition from Motion Automotive. The vehicle had been a demonstrator and had 5,315 miles on it at the time of the purchase. Motion Automotive had obtained the vehicle in a dealership trade from a Chrysler dealership in Indianapolis. The Special Edition had high performance options and appearance additions including 18 inch tires on aluminum wheels and a full size spare mounted on an identical aluminum wheel.
 {¶ 6} The day after appellant purchased the vehicle, she noticed the vehicle veered and pulled both to the right and to the left. It made an unusual grinding noise with pulsations in the steering wheel as she was braking. Appellant alleged the car would jump or dart to the left or right without warning and it would not hold a straight line during normal driving or braking. The second day after purchasing the vehicle, appellant contacted Motion Automotive's Service Department and made a warranty service appointment for the following Monday, six days after her purchase. Motion Automotive was unable to find any cause or fault in the vehicle, and returned the vehicle to appellant without repairs. Appellant was still unhappy with the way the vehicle handled, and scheduled a second warranty repair visit several weeks later. Motion Automotive's mechanics discovered the vehicle still had shipping blocks inserted in the front coils. They removed the shipping blocks, and believed this would improve the handling of the vehicle.
 {¶ 7} Even after the shipping blocks were removed, appellant was dissatisfied with the handling of the vehicle. At another warranty repair appointment, Motion Automotive's service manager informed appellant he believed the cause was the low-profile, high performance tires on the vehicle, and suggested appellant contact Chrysler directly. Appellant e-mailed and telephone Chrysler complaining about the tires and the way the vehicle handled. Appellant testified Chrysler recommended she return to the dealership for service.
 {¶ 8} In March of 2003, appellant took the vehicle to Motion Automotive for another warranty service visit to address the same concerns. The mechanics were unable to find anything to repair, and returned the vehicle to appellant, advising her they believed at least some of the problems were related to the tires. Motion Automotive contacted Chrysler's dealer assistance hotline, which also advised the probable cause of the complaint was the tires. Although appellant continued to complain about the same problems, Daimler Chrysler would not authorize any further warranty service for these conditions.
 {¶ 9} In June 2003, Motion Automotive's service manager called appellant and asked her to bring the vehicle to the dealership. At the dealership, mechanics removed the tires and wheels from her vehicle and replaced them with a set of 17 inch tires and wheels. Replacing the tires appeared to correct the problems, but Chrysler would not authorize Motion Automotive to give appellant the wheels and tires. Motion Automotive put the original tires back on the vehicle, and thereafter, all of appellant's problems returned. On several occasions, Motion Automotive's service persons drove the vehicle and agreed it had some sort of problem.
 {¶ 10} Over the course of two years, appellant took the vehicle for various repairs, including replacing the brake shoes and rotors. Appellant complained of a grinding noise and of the brakes scraping, but Motion Automotive could find nothing wrong. In April 2005, appellant was driving home when her vehicle started making a horrible noise and the steering wheel starting shaking. Thinking her tire had gone flat, she slowed to 2 miles per hour over the final mile to her home. When she finally arrived home, she called Chrysler's Roadside Assistance and asked for a tow truck to take her car to Motion Automotive.
 {¶ 11} When the tow truck driver pulled her car from her driveway in order to load it on to the truck, the right front wheel almost completely separated from the vehicle. Several of the lugs studs were broken off, as were most of the lugs nuts. Upon examination, the lug holes and center pilot hole on the wheel showed "clocking" damage, that is, the holes were not round but instead were deformed or worn to an oval or oblong shape. It was also discovered that one of the tires had been patched. Appellant argued someone had changed the tire and used the spare, which had not been properly prepped, causing the lug nuts to repeatedly work loose.
 {¶ 12} At trial, appellant's theory the case was that all the drivability problems appellant had complained of from the very start was due to progressive damage to the aluminum wheels lugs holes, starting prior to her purchase when the vehicle was used as a demonstrator. Appellee's theory of the case was the problems with the lugs and wheels stemmed from a non-warranty brake inspection in March of 2005, 18 days and 485 miles after Motion Automotive's technician removed and then re-installed the wheels. Appellee argued all of appellant's earlier concerns stemmed from the low-profile tires, the sport suspension, which is stiffer than a standard suspension, and the brake pads which tend to make some noise. Appellee argued Motion Automotive had failed to properly tighten the lug nuts on the wheel at 30,000 miles, two and one-half years after appellant purchased the vehicle.
 {¶ 13} Appellant sought to recover under Ohio's Lemon Law, which applies to problems reported to the manufacturer or the manufacturer's authorized dealer during the period of one year following the original date of delivery or the first 18,000 miles of operation, whichever is earlier.
 I. {¶ 14} In her first assignment of error, appellant argues the trial court should have given a jury instruction on an affirmative defense. The jury instruction is "If you find by greater weight of the evidence that the non-conformity is the result of abuse, neglect, or unauthorized modification or alteration by anyone other than the manufacturer or manufacturer's authorized dealer you will find for the defendant."
 {¶ 15} Chrysler argued while it raised the affirmative defense in its answer, but never presented this defense at trial. The trial court agreed.
 {¶ 16} Our standard of review on a claim of improper instructions is to consider the jury charges on the whole, and determine whether the charges given misled the jury in a manner materially affecting the party's substantial rights, Kokitka v.Ford Motor Company (1995), 73 Ohio St. 3d 889.
 {¶ 17} A trial court should confine its instructions to the issues raised by the pleadings and evidence, Becker v. LakeCounty Memorial Hospital West (1990), 53 Ohio St. 3d 202. The trial court should not give an instruction to the jury if there was no evidence presented on that issue, Murphy v. CarrolltonManufacturing Company (1991), 61 Ohio St. 3d 585.
 {¶ 18} Chrysler is correct in stating it never argued the non-conformity was caused by someone other than the manufacturer or the manufacturer's authorized dealer. Both appellant's and Chrysler's theories of the case suggested the damage was done by the manufacturer's authorized dealer. The issue for the jury to decide was whether the dealer's negligence occurred before appellant took possession of the car, or the most recent time the wheels had been removed to check the brakes.
 {¶ 19} The trial court instructed the jury on the elements of Ohio's Lemon Law: (1) the appellant was the owner of a vehicle covered by a written warranty; (2) the motor vehicle does not conform to the applicable expressed warranty; (3) appellant reported the non-conformity to the manufacturer or manufacturer's authorized dealer during the period of the one year following the original date of delivery or the first eighteen thousand miles of operation, whichever is earlier; and (4) the manufacturer or authorized dealer was unable to conform the motor vehicle to the applicable express warranty by repairing or correcting a defect that substantially impaired the use, safety, or value of the motor vehicle, after a reasonable number of repair attempts.
 {¶ 20} The trial court properly instructed the jury on the meaning of the terms reasonable number of repair attempts and non-conformity. The court instructed the jury intermittent noises and vibrations which do not interfere with the function of a vehicle do not render the vehicle unfit for ordinary purposes and do not demonstrate the vehicle contained a defect or malfunction.
 {¶ 21} Chrysler repeatedly argued to the jury that appellant's complaints had been caused by one of Motion Automotive's mechanics, and Motion Automotive, not Chrysler, should be the defendant in this case. Appellant, on the other hand, argued under the Lemon Law it is the manufacturer, not the dealership, which is liable for damages caused by its authorized dealer.
 {¶ 22} We have reviewed the jury instructions as given, and we find they may have misled the jury into believing Chrysler could escape liability if the jury found Motion Automotive or the previous dealer had caused the damage, regardless of when the damage occurred. Thus, the jury could have believed appellant's scenario, but improperly rendered a verdict in favor of Chrysler. The requested jury instruction would have informed the jury in a Lemon Law situation, the defense of abuse, neglect, or modification was only valid as to damages caused by persons other than the manufacturer or the manufacturer's authorized dealer.
 {¶ 23} The first assignment of error is sustained.
 II. {¶ 24} In her second assignment of error, appellant argues the trial court erred in not permitting her to read R.C. 1345.72
(C) to the jury during her rebuttal closing argument. The statute states: "nothing in this section imposes any liability on a new motor vehicle dealer or creates a cause of action by a buyer against a new motor vehicle dealer". Appellant wanted to read the statute to the jury to clarify the possible confusion described, supra.
 {¶ 25} The trial court permitted appellant to make this argument to the jury, but did not permit appellant to read the statute. We find the court did not err. It is the function of the trial court, not counsel, to instruct the jury on the law.
 {¶ 26} The second assignment of error is overruled.
 III. {¶ 27} In her third assignment of error, appellant argues the court should not have excluded evidence of two recall investigations made by Daimler-Chrysler Corporation prior to the date she purchased her vehicle, which indicated the lug nuts might loosen even if properly torqued.
 {¶ 28} Our standard of reviewing decisions to admit or exclude evidence is the abuse of discretion standard, Wightmanv. Consolidated Rail Corporation (1999), 86 Ohio St. 3d 431. The record indicates appellant never produced this potential evidence during discovery and had not provided Chrysler with any information she intended to use it at trial. We find the trial court did not err in excluding the evidence because appellant had not produced it in a timely manner.
 {¶ 29} The third assignment of error is overruled.
 {¶ 30} For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
By Gwin, J. Wise, P.J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion. Costs to appellee.